IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CASSIDY J. GREEN, R42965, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 21 C 1771 |
| ) | |
| DAVID MITCHELL, Warden, ) | |
| Pinckneyville Correctional Center, ) | The Honorable |
| ) | Robert W. Gettleman, |
| Respondent.[1] ) | Judge Presiding. |

**MOTION TO DISMISS**

Pursuant to 28 U.S.C. § 2254(b)(1) and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, respondent moves to dismiss without prejudice petitioner's 28 U.S.C. § 2254 petition for a writ of habeas corpus because petitioner has not exhausted his available state court remedies.

**BACKGROUND**

1.  In May 2018, a LaSalle County grand jury indicted petitioner on one count of unlawful delivery of a controlled substance. Exh. A (Common Law Record, *People v. Green*, No. 18 CF 158 (LaSalle Cty. Cir. Ct.)) at 60.

2.  After waiving his right to counsel, Exh. A at 69; Exh. B (Report of Proceedings, *People v. Green*, No. 18 CF 158 (LaSalle Cty. Cir. Ct.)) at 27-40, petitioner filed more than 150 pro se pretrial motions, *see* Exh. A at 397-401 (list

---

[1] Petitioner is currently serving a two-year period of mandatory supervised release. *See* https://www.idoc.state.il.us/subsections/search/inms_print.asp?idoc=R42965. Accordingly, Jason Garnett, the Chief of Parole for the Illinois Department of Corrections, should be substituted as the proper respondent. *See* Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts.

1

prepared by trial court categorizing the motions by subject matter). In one motion, petitioner stated that he did not understand the proceedings against him and asked the trial court to hold a hearing to determine his fitness to proceed. Exh. A at 136.

3. The trial court found a bona fide doubt respecting petitioner's fitness and appointed counsel to represent him in connection with the fitness issue. *Id.* at 237, Exh. B at 82-83. On February 4, 2019, the trial court held a fitness hearing before a jury. Exh. B at 127-277. At the conclusion of the hearing, the jury found petitioner fit to stand trial. Exh. A at 284, Exh. B at 273.

4. On February 13, 2019, petitioner filed a pro se motion for a new fitness hearing. Exh. A at 293-94. And on February 15, 2019, while the motion for a new fitness hearing was still pending, petitioner filed a pro se notice of appeal, invoking Illinois Supreme Court Rule 604(e). *Id.* at 296-306. On February 20, 2019, the trial court struck petitioner's notice of appeal under Illinois Supreme Court Rule 606(b). Exh. A at 309; *see* Ill. Sup. Ct. R. 606(b) ("When a timely posttrial . . . motion directed against the judgment has been filed . . . any notice of appeal filed before the entry of the order disposing of all pending post-judgment motions shall have no effect and shall be stricken by the trial court."). The trial court also explained that Rule 604(e) only permits an interlocutory appeal from an order finding a defendant *unfit* to stand trial. Exh. A at 309, Exh. B at 282-84. Thereafter, on February 27, 2019, the trial court denied petitioner's motion for a new fitness hearing. Exh. A at 315, Exh. B at 347.

prepared by trial court categorizing the motions by subject matter). In one motion, petitioner stated that he did not understand the proceedings against him and asked the trial court to hold a hearing to determine his fitness to proceed. Exh. A at 136.

3. The trial court found a bona fide doubt respecting petitioner's fitness and appointed counsel to represent him in connection with the fitness issue. *Id.* at 237, Exh. B at 82-83. On February 4, 2019, the trial court held a fitness hearing before a jury. Exh. B at 127-277. At the conclusion of the hearing, the jury found petitioner fit to stand trial. Exh. A at 284, Exh. B at 273.

4. On February 13, 2019, petitioner filed a pro se motion for a new fitness hearing. Exh. A at 293-94. And on February 15, 2019, while the motion for a new fitness hearing was still pending, petitioner filed a pro se notice of appeal, invoking Illinois Supreme Court Rule 604(e). *Id.* at 296-306. On February 20, 2019, the trial court struck petitioner's notice of appeal under Illinois Supreme Court Rule 606(b). Exh. A at 309; *see* Ill. Sup. Ct. R. 606(b) ("When a timely posttrial . . . motion directed against the judgment has been filed . . . any notice of appeal filed before the entry of the order disposing of all pending post-judgment motions shall have no effect and shall be stricken by the trial court."). The trial court also explained that Rule 604(e) only permits an interlocutory appeal from an order finding a defendant *unfit* to stand trial. Exh. A at 309, Exh. B at 282-84. Thereafter, on February 27, 2019, the trial court denied petitioner's motion for a new fitness hearing. Exh. A at 315, Exh. B at 347.

5. On August 30, 2019, petitioner entered a negotiated guilty plea, and the trial court sentenced him to six-and-a-half years in prison. Exh. A at 470-71, Exh. B at 1329-40.

6. On September 5, 2019, petitioner filed a motion to reduce his sentence. Exh. A at 476-78. And on September 11, 2019, petitioner filed a motion to withdraw his guilty plea. Exh. A at 482-88.

7. In May 2020, while his post-judgment motions remained pending,[2] petitioner filed a motion for leave to file a late notice of appeal from the order finding him fit to stand trial, which the state appellate court allowed. Exh. A at 519-20. However, in October 2020, petitioner's appointed appellate counsel filed a motion to dismiss the appeal, explaining that no statute or court rule permits an interlocutory appeal from a finding of fitness. Exh. C (Motion to Dismiss Appeal, *People v. Green*, No. 3-20-0186 (Ill. App. Ct.)) at 2-3. On October 15, 2020, the state appellate court granted the motion and dismissed the appeal. Exh. D (Order, *People v. Green*, No. 3-20-0186 (Ill. App. Ct.)). Petitioner filed a pro se petition for rehearing, *see* Exh. E (Petition for Rehearing, *People v. Green*, No. 3-20-0186 (Ill. App. Ct.)), which the appellate court denied, *see* Exh. F (Order, *People v. Green*, No. 3-20-0186 (Ill. App. Ct.)). Petitioner then filed a pro se petition for leave to appeal (PLA) in the Illinois Supreme Court, *see* Exh. G (PLA, *People v. Green*, No. 126763

---

[2] At petitioner's request, the trial court twice continued a hearing on petitioner's post-judgment motions, first to January 2020, *see* Exh. A at 493, Exh. B at 1348-52, and then to April 2020, *see* Exh. A at 499, Exh. B at 1359-63. Due to the COVID-19 pandemic, the trial court later rescheduled the matter to June 2020. Exh. A at 507. At petitioner's request, the trial court further continued the matter to August 2020. Exh. A at 524; Exh. B at 1436-39.

(Ill. Sup. Ct.)), that was also denied, *see* Exh. H (Order, *People v. Green*, No. 126763 (Ill. Sup. Ct.)).

8. Meanwhile, in August 2020, petitioner filed an amended motion to withdraw his guilty plea. Exh. A at 531-60. After a hearing on March 22, 2021, the trial court denied petitioner's motions to withdraw his guilty plea and to reduce his sentence. Exh. A at 643, Exh. B at 1498-1504.

9. On March 31, 2021, petitioner filed a notice of appeal. Exh. A at 645-78, 685. The Office of the State Appellate Defender was appointed to represent petitioner. *Id.* at 686. That appeal remains pending. Exh. I (State Appellate Court Fact Sheet, *People v. Green*, No. 3-21-0135 (Ill. App. Ct.)).

10. On April 1, 2021, petitioner filed a petition in this Court under 28 U.S.C. § 2254, alleging that:

(1) the venire from which the fitness hearing jury was selected did not represent a fair cross-section of the community;

(2) petitioner's counsel was ineffective for failing to investigate petitioner's contention that the court-appointed psychiatrist did not examine him;

(3) the court-appointed psychiatrist falsely testified at the fitness hearing that he had examined petitioner; and

(4) the prosecutor made inappropriate statements at the fitness hearing closing argument.

Doc. 1 at 5-6.[3]

---

[3] Petitioner previously attempted to challenge the state trial court's fitness finding in a petition filed under 28 U.S.C. § 2241. *See Green v. Edgcomb*, No. 19 C 4261 (N.D. Ill.) (Doc. 1). This Court denied the petition, explaining that a finding that a defendant is fit to stand trial may not be challenged before entry of final judgment. *Id.* (Doc. 7).

4

## ARGUMENT

A habeas petition challenging a state court judgment generally "shall not be granted unless" the petitioner "has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). A petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." *Id.* § 2254(c). Where a habeas petitioner has not exhausted available state court remedies with respect to the claims raised in his petition, the district court should dismiss the petition without prejudice. *Rose v. Lundy*, 455 U.S. 509, 522 (1982); *Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004).

Such is the case here. Petitioner's direct appeal from his conviction and sentence is pending in the state appellate court, and he may attempt to raise his current claims challenging the trial court's fitness finding there. In addition, to the extent that any of the claims in petitioner's habeas petition are not suitable for review on direct appeal, petitioner may file a state postconviction petition raising such claims. *See* 725 ILCS 5/122-1(c) (where petitioner files direct appeal, postconviction petition must be filed within six months of conclusion of direct review); *People v. Correa*, 485 N.E.2d 307, 309 (Ill. 1985) (petitioner serving term of mandatory supervised release has standing to file postconviction petition).

Petitioner asserts that he satisfied the exhaustion requirement by presenting his claims to the Illinois Supreme Court in his unsuccessful PLA challenging the state appellate court's order dismissing his interlocutory appeal. *See* Doc. 15 at 6-7.

5

But while Illinois law permits a defendant (or the State) to file an interlocutory appeal from a trial court's order finding a defendant *unfit* to stand trial, *see* 725 ILCS 5/104-16(e); Ill. Sup. Ct. R. 604(e), no similar provision authorizes an interlocutory appeal from a finding of *fitness*. *See People v. Woolsey*, 564 N.E.2d 764, 766 (Ill. 1990) ("No appeal lies from an interlocutory order in the absence of a statute or rule specifically authorizing such review."); *People v. Fenderson*, 373 N.E.2d 857, 857 (Ill. App. 1978) ("Unless an appeal is taken from a finding of unfitness or from another final appealable order, [an appellate] court is without jurisdiction of the cause."). Petitioner's attempt to preempt the normal course of appellate review by challenging the state trial court's fitness finding in an unauthorized interlocutory appeal did not serve to exhaust his available state court remedies. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989) (no exhaustion where petitioner raised claim "for the first and only time in a procedural context in which its merits will not be considered").

Petitioner also seems to suggest that he may challenge the state trial court's fitness finding in a federal habeas petition without first exhausting his available state court avenues for challenging his conviction because (in his view) the fitness issue "is separate from [the] criminal proceeding." Doc. 1 at 3. Indeed, petitioner's habeas petition identifies the state court judgment being challenged not as his conviction and sentence, but rather the state trial court's order finding him fit to stand trial. *See id.* at 1. To the extent that petitioner seeks relief only from the state trial court's fitness finding, and not from his ensuing conviction and sentence,

6

his claims are not cognizable on federal habeas review. *See Washington v. Smith*, 564 F.3d 1350, 1351 (7th Cir. 2009) ("a habeas corpus petition must attack the fact or duration of one's sentence; if it does not, it does not state a proper basis for relief under § 2254"). And to the extent petitioner has raised his current claims as grounds for relief from his conviction and sentence, those claims (although cognizable) remain unexhausted for the reasons discussed above. Either way, the petition should be dismissed.

Nor has there been an inordinate and unjustifiable delay in the state proceedings that would allow petitioner to excuse the exhaustion requirement. *See Sceifers v. Trigg*, 46 F.3d 701, 703 (7th Cir. 1995); 28 U.S.C. § 2254(b)(1)(B)(ii). To be deemed unjustifiable, a delay must be attributable to the State. *Sceifers*, 46 F.3d at 703-04. Here, any delay in resolving petitioner's post-judgment motions in the state trial court resulted primarily from petitioner's continuance requests as well as disruptions caused by the COVID-19 pandemic and other matters outside the State's control. *See supra* n.2; Exh. B at 1451-58 (prison unable to transport petitioner to court hearing due to COVID-19 outbreak at prison); *id.* at 1460-68 (prison unable to transport petitioner to court hearing due to inclement weather). These delays cannot be attributed to the State.

As for petitioner's direct appeal, it has only been pending for four months, as of the date of this filing. *See* Exh. A at 645, 685 (notice of appeal filed March 31, 2021). That delay is not inordinate. *See Wilson v. Rowe*, 454 F.2d 585, 589 (7th Cir. 1971) (recognizing "that normal direct appellate procedure extends ordinarily over a

7

substantial period of time"); *Brown v. Shaw*, No. 09 C 2837, 2009 WL 5166220, at *4-5 (N.D. Ill. 2009) (rejecting claim of inordinate delay where direct appeal had been pending for 14 months and petitioner's opening brief had not yet been filed). And while the state appellate court's docket sheet indicates that the deadline for petitioner's opening brief was extended from July 1, 2021, to November 28, 2022, *see* Exh. I at 2, "exhaustion of state remedies is determined at the time that the petition for habeas corpus is filed." *Verdin v. O'Leary*, 972 F.2d 1467, 1483 (7th Cir. 1992). For that reason, "[p]rospective or potential state court delays — precisely because they are prospective and potential — cannot justify federal intervention." *Walton v. Gilmore*, No. 96 C 2375, 1997 WL 51703, at *4 (N.D. Ill. 1997); *see also Brown*, 2009 WL 5166220, at *5 (declining to excuse exhaustion requirement based on "speculati[on]" about how long it would take to resolve the petitioner's state appeal).

Finally, there is no reason to stay petitioner's habeas petition rather than dismiss it without prejudice. A stay may be appropriate in cases "where [a] dismissal would effectively end any chance at federal habeas review" due to the expiration of the federal habeas limitations period. *Dolis v. Chambers*, 454 F.3d 721, 725 (7th Cir. 2006). But no such concern is present here. Because petitioner's direct appeal remains pending, he will have at least one full year from the conclusion of direct review in which to timely file a federal habeas petition. *See* 28 U.S.C. § 2244(d)(1)(A) (one-year limitations period for filing federal habeas petition begins to run on "the date on which the judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review");

*id.* § 2244(d)(2) (limitations period tolled during pendency of "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim"). In these circumstances, dismissal without prejudice is appropriate. *See Tucker v. Kingston*, 538 F.3d 732, 735 (7th Cir. 2008) (approving dismissal without prejudice rather than stay where more than five months remained on the limitations period at time of dismissal).

## CONCLUSION

This Court should dismiss petitioner's habeas petition without prejudice for failure to exhaust available state court remedies.

August 3, 2021

Respectfully submitted,

KWAME RAOUL
Attorney General of Illinois

By: s/ Eric M. Levin
ERIC M. LEVIN, Bar # 6284971
Assistant Attorney General
100 West Randolph Street, 12th Floor
Chicago, Illinois 60601-3218
(312) 814-5029
eric.levin@illinois.gov

## **CERTIFICATE OF SERVICE**

I certify that on August 3, 2021, I electronically filed the foregoing **Motion to Dismiss** with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, using the CM/ECF system, and mailed a paper copy of said document via United States Postal Service to the following non-CM/ECF user:

    Cassidy J. Green
    4462 East 1251st Road, #31
    Earlville, Illinois 60518

                                        <u>/s/Eric M. Levin</u>
                                        ERIC M. LEVIN, Bar # 6284971
                                        Assistant Attorney General
                                        100 West Randolph Street, 12th Floor
                                        Chicago, Illinois 60601-3218
                                        (312) 814-5029
                                        eric.levin@illinois.gov

                                        *Counsel for Respondent*